T.C. Memo. 2013-60

UNITED STATES TAX COURT

MICHAEL L. THOMAS AND JULIE A. THOMAS, n.k.a. JULIE A. BROWNE,
Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22909-10.                          Filed February 26, 2013.

Michael L. Thomas, pro se.

Kelly Andrew Blaine, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, Judge: Respondent determined income tax deficiencies of

$60,244 and $18,728 for petitioners' 2006 and 2007 tax years, respectively.

[*2] Respondent also determined accuracy-related penalties under section 6662(a)[1] of $12,048.80 and $3,745.60 for 2006 and 2007, respectively. Michael L. Thomas (petitioner) conceded the income tax deficiencies, and respondent agreed that petitioner Julie A. Thomas, n.k.a Julie A. Browne, is not liable for the income tax liabilities or penalties because of the application of section 6015. The sole issue remaining for consideration is whether petitioner is liable for the accuracy-related penalty for 2006 and/or 2007.

FINDINGS OF FACT

Petitioners resided in Idaho at the time their petition was filed. In 2003 petitioner was working as the head of real estate acquisition for a group of companies known as DBSI Group (DBSI). While there he met Don Steeves, who managed the investor side of DBSI. Sometime later, petitioner started two businesses, TIC Capital, LLC (TIC), and TICC Property Management, LLC (TICC). TIC was an investment company that purchased real estate, and TICC was a property management company supporting TIC. After purchasing real estate, TIC would resell interests in said property to investors at a profit and TICC

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] would then manage that property. The purchase and resale of the real estate usually occurred simultaneously.

Steeves was a certified public accountant with a master's degree in accounting and seven years of specialized experience working in the real estate investment business. Because of these qualifications, petitioner hired Steeves as an independent contractor to act as the chief financial officer of TIC and as a managing partner of TICC. Steeves also managed the investor and broker-dealer side of TIC. His compensation, including accounting fees, was based on the financial success of petitioner's businesses.

In addition to his duties as chief financial officer and managing partner, Steeves prepared petitioners' income tax returns for the years 2005, 2006, and 2007. However, he signed only the 2005 return. He oversaw and maintained all the books, records, bank accounts, and other financial information from which the income and expenses were derived and reported on petitioners' returns. He digitally maintained those records on his computer, and petitioner was not able to readily access them. Petitioner did not see or review the books, and he relied completely on Steeves to maintain his records and prepare their income tax returns.

**[\*4]** The only information Steeves requested from petitioner each year was statements of mortgage interest, petitioner wife's Forms W-2, Wage and Tax Statement, and interest income information, which petitioner provided.

In September 2007 Steeves resigned from petitioner's companies but continued to perform the bookkeeping until March 2008 when that aspect was turned over to an employee of petitioner. Steeves also continued to act as petitioner's accountant/representative until he was replaced in 2009.

Late in 2008 respondent selected petitioners' 2006 and 2007 income tax returns for audit, and on December 8, 2008, petitioner executed a Form 2848, Power of Attorney and Declaration of Representative, to enable Steeves to represent petitioner before the Internal Revenue Service (IRS). The audit examination for 2006 and 2007 uncovered discrepancies and inadequacies in petitioner's business records.

Respondent's agent was unable to understand how the amounts on the 2006 and 2007 returns comported with petitioner's business records. The books were maintained on a cash basis, and Steeves had not properly recognized income. For example, Steeves had not recognized as income certain amounts deposited during 2006 and 2007. The IRS seized on these discrepancies, which triggered the

**[*5]** examination and generated the income differences that resulted in the income tax deficiencies.

Once petitioner had discovered the problems with Steeves' accounting practices he brought his concerns to Steeves' attention in a letter dated December 12, 2008. In that letter petitioner admonished Steeves to "produce accounting records to verify proper use of [company] funds." Steeves resisted petitioner's requests to produce the companies' records.

In 2009 petitioner hired David R. Stewart to replace Steeves as his representative in the audit examination. Stewart was a certified public accountant with 34 years of experience working with small businesses and individual financial, accounting, and tax matters. Stewart's involvement with petitioner's books and the audit examination caused him to conclude that Steeves had done a "poor" job of maintaining the records. Stewart worked with respondent's agent to reconstruct accounts and balance sheets to determine the actual amounts of income for the taxable years. Stewart and respondent's agent arrived at agreed-upon amounts of reportable income, and, ultimately, income tax deficiencies for 2006 and 2007.

Additionally, in a letter dated August 17, 2011, petitioner provided the City of Boise Police Department with a lengthy list of criminal allegations against

[*6] Steeves. The particulars of this list attempted to show that Steeves had committed theft, fraud, and misappropriation of petitioner's funds. Ultimately petitioner filed a civil case against Steeves in the Fourth Judicial District Court for Ada County. The alleged losses to petitioner totaled $1,202,016.

OPINION

The sole question we consider is whether petitioner is liable for the section 6662(a) accuracy-related penalty. Petitioner agrees that the income on his returns was underreported but contends that the penalty should not apply because he reasonably relied on his accountant/return preparer.

A taxpayer may be liable for a 20% penalty on any underpayment of tax attributable to negligence or disregard of rules or regulations or a substantial understatement of income tax. Sec. 6662(a) and (b)(1) and (2). "Negligence" is any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and "disregard" means any careless, reckless or intentional disregard. Sec. 6662(c). A substantial understatement of income tax is an understatement that exceeds the greater of 10% of the tax required to be shown on the tax return or $5,000. Sec. 6662(d)(1)(A).[2] The accuracy-related penalty

_____

[2]Petitioner's concession of the $60,244 and $18,728 income tax deficiencies establishes that there were substantial understatements for the 2006 and 2007 tax

(continued...)

**[*7]** under section 6662(a) does not apply to any portion of an underpayment if it is shown that there was reasonable cause for that portion and that the taxpayer acted in good faith with respect to that portion. Sec. 6664(c)(1); sec. 1.6664-4(b), Income Tax Regs.; see also Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 98 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002); secs. 1.6662-3(a), 1.6664-4(a), Income Tax Regs.

Accordingly, we consider whether there was reasonable cause for the underpayments. Petitioner contends that his failure to include the unreported income was reasonable because he relied on his tax adviser. We look to the pertinent facts and circumstances, including the taxpayer's efforts to assess the proper tax liability, the knowledge and experience of the taxpayer, and the reliance on the advice of a professional. Sec. 1.6664-4(b)(1), Income Tax Regs. When a taxpayer relies on the professional judgment of a competent tax adviser who has been provided with all necessary and relevant information, the taxpayer's behavior may be consistent with ordinary business care and prudence. United States v. Boyle, 469 U.S. 241, 250-251 (1985).

---

[2](...continued)
years.

**[*8]** To establish reasonable cause through reliance on the advice of a tax adviser, the taxpayer must meet the following three-prong test, laid out in <u>Neonatology Assocs., P.A. v. Commissioner</u>, 115 T.C. at 98-99: (1) the adviser was a competent professional who had sufficient expertise to justify reliance, (2) the taxpayer provided necessary and accurate information to the adviser, and (3) the taxpayer relied in good faith on the adviser's judgment. Finally, petitioner bears the burden of proof with respect to the defenses to the accuracy-related penalties. <u>See</u> <u>Higbee v. Commissioner</u>, 116 T.C. 438, 447 (2001).

Petitioner met and became familiar with Steeves, his tax preparer, during 2003 when they began working together in a real estate investment business. After working with Steeves for some time, petitioner began his own businesses, which involved the same type of business activity in which he had worked with Steeves. Steeves was a certified public accountant and had seven years of experience in the same type of businesses as petitioner. Petitioner, having worked with Steeves and being aware of his professional background and experience, exclusively relied upon him to maintain his records, handle his business financial matters, and prepare his returns. Under these circumstances we find that it was reasonable for petitioner to perceive Steeves as a competent professional and to rely on him.

**[*9]**   Petitioner was reasonable in his reliance upon Steeves to correctly and accurately prepare his books.  Petitioner understood that those books were used in the preparation of his 2006 and 2007 income tax returns.  In addition, petitioners provided Steeves with all other information Steeves requested that was necessary to complete their returns, including the amounts of mortgage interest and interest income and Forms W-2.  Accordingly, petitioner was satisfied that Steeves had all necessary and accurate information needed to correctly prepare petitioners' income tax returns.  We find that petitioner's efforts were sufficient to ensure his return preparer had adequate and accurate information.

Finally, we consider whether petitioner relied in good faith upon Steeves' judgment.  In the setting of this case, there came a time when petitioner had doubts about the accuracy and quality of Steeves' recordkeeping.  Ultimately, petitioner believed that Steeves was guilty of theft, fraud, and misappropriation of his money.  However, his doubts about Steeves' ability or honesty did not arise until sometime after the 2006 and 2007 income tax returns were filed and respondent was conducting an audit examination of the returns.  At the outset of that examination, petitioner continued to believe in and rely upon Steeves, to whom petitioner gave a power of attorney to represent him before the IRS.

**[\*10]**  Under these circumstances we hold that petitioner has carried his burden of showing reasonable reliance on the advice of a professional as a defense to the accuracy-related penalties for 2006 and 2007.  Accordingly, petitioner is not liable for an accuracy-related penalty on any underpayment for 2006 or 2007.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.